Logan COPLEY, Jr. and Iona
Copley, Appellants,

v.

Dan R. WHITAKER, Denny Moore,
Danny T. Scott, and Barbara
Scott, Appellees.

Court of Appeals of Kentucky.

Dec. 19, 1980.

Dan Jack Combs, Herman W. Lester, Combs & Lester, P. S. C., Pikeville, for appellants.

Kathryn Burke, Francis D. Burke, Phil A. Stalnaker, Burke & Burke, Pikeville, for appellees.

Before HOWARD, HOWERTON and WINTERSHEIMER, JJ.

HOWERTON, Judge.

The Copleys appeal from a judgment dismissing their action to set aside a previous judgment. This case was filed on December 15, 1978, and contained four counts. It first alleged that through perjury the appellee, Dan Whitaker, was awarded a judgment enabling him to recover one-half of the profits and assets of Danco, Inc., a corporation otherwise owned by Logan Copley, Jr. The second count alleged that the previous judgment would allow Dan Whitaker a double recovery against the Copleys. The third count asserted that Iona Copley had been denied a jury trial, and the final count requested that the Scotts be enjoined from evicting the Copleys from property the Scotts purchased at a sale of real estate made to satisfy the judgment. The suit also requested judgment against Whitaker and Moore for $250,000.00 as compensatory damages and $250,000.00 as punitive damages.

The action was dismissed on January 18, 1980. The trial judge determined that all of the allegations contained in this action could have been raised or avoided by an appeal of the first judgment. The trial court also noted that the issues raised in this action were now barred by the limitations explicit in CR 60.02.

The judgment in the first case was entered on October 31, 1977. No appeal was taken from that judgment. A subsequent findings of fact and judgment were entered by the court pertaining to that case on August 4, 1978. The order was primarily for the purpose of enforcing the accounting required by the original judgment. The Copleys filed an appeal of the August 4, 1978, judgment, but it was dismissed as not being an appealable judgment. The last order pertaining to the original case was rendered on November 14, 1979. Another appeal was filed, but was dismissed.

The primary issue on this appeal, as stated by the Copleys, reads:

The trial court erred in concluding the instant action alleged causes of action pursuant to CR 60.02 and further erred in concluding the actions were then barred by the statute of limitations contained within said rule.

We cannot agree, and we must therefore affirm the judgment of the trial court.

For the Copleys to prevail in this action, they would have to prevail on the

first count which alleged perjury in the original action. This suit was dismissed, because the trial court determined that the allegations could have been raised by an appeal and that the one-year limitation in CR 60.02 for granting relief from a judgment due to perjury was a bar to this claim. CR 60.02 reads in part as follows:

> On motion, a court may, upon such terms as are just, relieve a party or his legal representative from its final judgment, order, or proceeding upon the following grounds: ... (c) perjury or falsified evidence, ....

> The motion shall be made within a reasonable time, and on grounds (a), (b), and (c) not more than one year after the judgment, order, or proceeding was entered or taken.

The thread running throughout the complaint is that Whitaker conspired and perjured his way through the judicial process into a one-half ownership of Danco, Inc. As such, there is no way to avoid the fact that this complaint was premised upon 60.02(c). A one-year limitation was applicable The judgment of October 1977 was from the litigation wherein the alleged irregularities were to have taken place.

■ The Copleys also argue that the current action is an independent action brought pursuant to CR 60.03. That rule reads:

> Rule 60.02 shall not limit the power of any court to entertain an independent action to relieve a person from a judgment, order or proceeding on appropriate equitable grounds. Relief shall not be granted in an independent action if the ground of relief sought has been denied in a proceeding by motion under Rule 60.02, or would be barred because not brought in time under the provisions of that rule.

The first portion of the rule appears to allow for relief through an action such as this. A reading of the second half of the rule, however, provides for a contrary result. As the trial court and this Court have

already concluded, the action would be barred under Rule 60.02, because it was not brought in time. An action based on perjured testimony may not be brought more than one year after the original judgment under Rule 60.02 or Rule 60.03. See, 7 W. Clay, *Kentucky Practice*, CR 60.03, Comments 2 and 3 (3rd ed. 1974).

■ The Copleys do argue that fraud, as contemplated by CR 60.02(d), concerns matters collateral to the original judgment. Such would then allow an independent action to attack the original judgment and to provide for relief under CR 60.03. The time limitation for seeking relief from such fraud is "within a reasonable time." We cannot escape the fact, however, that the essence of the Copleys' allegations of fraud pertain to perjury and falsified evidence. When such is the basis for relief, the one-year limitation applies.

■ The Copleys next argue that should the court determine that CR 60.02(c) is applicable, the action was nevertheless timely filed as to all allegations excluding those pertaining to perjury and falsified evidence. This argument will not bring them any relief. The other allegations might have been raised on appeal, and furthermore, we cannot say that any of the allegations contained in the complaint were filed within a reasonable time as provided for in CR 60.02. As to the second count concerning the allowance of a double recovery, we conclude that the accounting and subsequent judgment awarding Whitaker a certain value of the assets and profits of Danco merely carried out the mandate of the original judgment. Without successfully attacking the original judgment, there is nothing further to be done with the accounting and subsequent judgment. The third count regarding the denial of a jury trial could have been raised on an appeal. We do not have the record of the original action, however, and are therefore uncertain as to the full nature of this complaint. The findings in the January 18, 1980 judgment indicate that a jury trial was held in

the original action. As to the request to enjoin the eviction from the Copleys' property, the grounds asserted as reasons for delaying the eviction vanished when the first three counts were dismissed. Standing alone, the request for injunctive relief was properly dismissed.

■ The Copleys also contend that it was procedurally erroneous for the trial court to grant the motion to dismiss. They argue that a dismissal is tantamount to the entry of a summary judgment which requires that the pleadings and their allegations of fact be considered most favorably toward them. The Copleys' argument and reference to CR 12.02 and CR 41.02 ignore the actual basis for the dismissal of their complaint. The motion was granted on the basis of the questions of law rather than fact. Also, the trial judge was in a position to determine whether the issues presented in this complaint were the same as those which were or could have been litigated originally.

We affirm the judgment of the trial court.

All concur.